IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISSIA A. WILLIAMS, § | | |
| TDCJ #1285052, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-2105 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

# MEMORANDUM AND ORDER

State inmate Alissia A. Williams (TDCJ #1285052), has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. The respondent has answered with a motion for summary judgment, arguing that Williams is not entitled to relief. (Doc. # 10). Williams has not filed a reply, and the time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.     BACKGROUND**

According to the state court records, the Harris County District Attorney's Office filed charges against Williams on May 20, 2001, alleging that she committed aggravated assault with a deadly weapon, namely, a knife. The evidence in the State's file showed that Williams stabbed her husband, Stacy Williams, in the head with a knife. A police officer

reportedly observed Stacy Williams at the scene with a knife protruding from his head. On June 4, 2001, Williams waived formal indictment by a grand jury and pleaded guilty to the charges against her pursuant to a plea agreement with the State. Consistent with the plea agreement, the 262nd District Court of Harris County, Texas, found Williams guilty as charged in cause number 877840, but deferred an adjudication of guilt and placed her on deferred adjudication community supervision for a term of ten years.[1] Williams did not file an appeal.

On January 12, 2005, the State filed a motion to revoke Williams's placement on community supervision. On January 26, 2005, the trial court revoked Williams's supervised release following a hearing. As a result, the trial court adjudicated Williams guilty of the underlying offense of aggravated assault with a deadly weapon and sentenced her to serve twelve years' imprisonment. Williams filed an appeal from the revocation of her supervised release, which the court of appeals dismissed for want of jurisdiction. *See Williams v. State*,

---

[1] Community supervision is a sentence option under which a court suspends the imposition or execution of imprisonment and instead releases a defendant into the community subject to certain conditions. *See* TEX. CODE CRIM. PROC. art. 42.12, § 2(a); John Schmolesky, *Community Supervision*, 4 TEXAS CRIMINAL PRACTICE GUIDE Ch. 82 (2007). In Texas, if a defendant pleads guilty or nolo contendere and the trial court finds that the best interests of society and the defendant will be served, the trial court may defer further proceedings without entering an adjudication of guilt and place the defendant on community supervision. *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(a). If the defendant successfully completes her term of community supervision, the trial court must dismiss the proceedings and discharge the defendant. *See id*. art. 42.12, § 5(c). If the defendant fails to abide by the terms of her supervised release, however, the trial court may revoke the defendant's placement on community supervision and adjudicate her guilt. *See id*. art. 42.12, § 5(b); *see also* Schmolesky, *Community Supervision*, at Ch. 82.02[3] (discussing deferred adjudication community supervision).

No. 05-00130-CR (Tex. App. — Houston [14th Dist.] Aug. 11, 2005). She did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On May 26, 2006, Williams filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. She did not challenge the 2005 revocation of her supervised release. Instead, Williams complained that her 2001 guilty plea was involuntarily and unknowingly made because she was denied effective assistance of counsel. The state habeas corpus court, which also presided over the 2001 guilty plea proceeding, entered findings of fact and concluded that Williams was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied relief without a written order on August 30, 2006. *See Ex parte Williams*, No. 65,386-01 (Tex. Crim. App.).

Williams filed the pending federal petition for a writ of habeas corpus on May 22, 2007,[2] seeking relief from her 2001 guilty plea and sentence of deferred adjudication community supervision. In this petition, Williams raises claims similar to those presented at the state court level. The respondent has filed a motion for summary judgment, arguing that Williams's petition must be dismissed because it is barred by the governing one-year

---

[2]  The Clerk's Office recorded the petition as filed on May 31, 2007, but it is dated May 22, 2007. Under the mail-box rule, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because Williams indicates that she placed her pleadings in the prison mail system on May 22, 2007, her petition is presumed filed on that date.

statute of limitations. The parties' contentions are addressed below, beginning with the respondent's motion for summary judgment on the issue of limitations.

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Capitol Indem. Corp. v. United States*, 452 F.3d 428, 430 (5th Cir. 2006).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted). Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party. *Eastman Kodak Co. v. Image Technical Servs.,*


---

*Inc.*, 504 U.S. 451, 456 (1992). Where the non-moving party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact can exist. *Celotex*, 477 U.S. at 322-23; *Whiting v. University of Southern Miss.*, 451 F.3d 339, 345 (5th Cir. 2006).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id*; *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of her burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

As noted above, the petitioner has not filed a response to the motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty days, S.D. TEX. R. 7.3, unless the time is extended. Any failure to respond is taken as a representation of no opposition. S.D. TEX. R. 7.4. The Court specifically directed the petitioner to respond within thirty days to any dispositive motion filed by the respondent or face dismissal for want of prosecution. (Doc. # 6, ¶ 6). Notwithstanding the petitioner's failure to respond, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even

5

if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). In that regard, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless she has done so, the reviewing court may not grant the motion regardless of whether any response was filed. *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is warranted, the district court may accept as undisputed the facts set forth in the unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III.   THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that Williams's petition is barred by the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Williams does not challenge the 2005 revocation of her supervised release. In this instance, Williams challenges only her guilty plea to charges of aggravated assault with a deadly weapon and the judgment entered against her in 2001, which resulted in her placement on deferred adjudication community supervision for a term of ten years. The statute of limitations for federal habeas corpus review of Williams's claims began to run

pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In Texas, a defendant placed on deferred adjudication community supervision must appeal any issue relating to the original plea hearing at the time that he or she is placed on deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. art. 42.12 § 23(b) (1999) (providing that "[t]he right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant probationer at the time he is placed on community supervision"). Thus, a sentence of deferred adjudication community supervision in Texas is a final judgment for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 527-30 (5th Cir. 2005), *cert. denied*, — U.S. —, 127 S. Ct. 431 (2006). Because Williams pleaded guilty and received a sentence of deferred adjudication on June 4, 2001, her time to appeal expired thirty days later on or about August 4, 2001. *See* TEX. R. APP. P. 26.2(a)(1). That date triggered the statute of limitations, which expired one year later on August 4, 2002. *See Caldwell*, 429 F.3d at 530. Williams's pending petition, dated May 22, 2007, is late by almost five years and is therefore time-barred unless Williams can show that a statutory or equitable exception applies.

### A.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The state court records show

7

that Williams challenged her 2001 guilty plea by filing a state habeas corpus application on May 26, 2006, which the Texas Court of Criminal Appeals denied on August 30, 2006. *See Ex parte Williams*, No. 65,386-01 (Tex. Crim. App.). Because this state habeas corpus proceeding was filed well after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Williams presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Williams has not alleged that she was subject to state action that impeded her from filing a petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B. Equitable Tolling

Williams has not filed a response to the motion for summary judgment. Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are

8

present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). As the Fifth Circuit has explained, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Supreme Court has recently stated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell*, — U.S. —, 127 S. Ct. 2360, 2366 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless she establishes "(1) that [she] has been pursuing [her] rights diligently, and (2) 'that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The record does not support an exercise of discretion in Williams's favor because it fails to demonstrate that she was diligent in pursuing her claims. The record reflects that Williams's guilty plea at issue and its attendant sentence of deferred adjudication became final in 2001, but that Williams waited five years, until 2006, to file a state habeas corpus application to challenge the plea. Further, after the Texas Court of Criminal Appeals denied

9

her habeas corpus application on August 30, 2006, Williams waited more than nine months to file her federal habeas corpus petition on May 22, 2007.  Williams offers no explanation for her decision to delay seeking relief.  It is well established that equitable tolling is not available where, as here, the petitioner squanders the federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Although Williams has represented herself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse the failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).

The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and

10

alteration omitted)). Given the petitioner's lack of diligence, the Court concludes that her circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. The record does not disclose any basis for tolling and, therefore, the petition must be dismissed as barred by the governing one-year limitations period.[3]

## IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

---

[3] The respondent argues, in the alternative, that the petition is without merit. The record confirms that Williams challenged the validity of her 2001 guilty plea on state habeas corpus review. The state habeas corpus court, which also presided over the guilty plea and the revocation of Williams's supervised release, rejected her claims after considering records and affidavits from the attorneys who represented her during the guilty plea and revocation proceedings. *See Ex parte Williams*, No. 65,386-01 at 37-38, 41-42, and 45-47. Williams does not show that the state court's findings are contrary to or involve an unreasonable application of clearly established Supreme Court precedent or that she is entitled to relief under 28 U.S.C. § 2254(d). Because the petition is clearly time-barred, the Court does not address the merits further.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Doc. # 10) is **GRANTED**.

2.  The federal habeas corpus petition is **DISMISSED** with prejudice.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 28th , 2007.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge